IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA, *ex rel.* ) | |
| 2) JENNIFER YOUNG, ) | |
| ON BEHALF OF ) | |
| 3) THE STATE OF OKLAHOMA, ) | |
| ) | |
| Plaintiffs, ) | Case No. 22-cv-354-JDR-JFJ |
| ) | |
| v. ) | |
| ) | |
| 1) URGENT CARE OF CHECOTAH, ) | |
| PLLC., ) | |
| 2) URGENT CARE OF MUSKOGEE, ) | |
| PLLC., ) | |
| 3) MUSKOGEE MEDICAL CARE, PLLC., ) | |
| 4) DR. AZHAR SHAKEEL, M.D.  aka ) | |
| PASHA SHAKEEL, ) | |
| ) | |
| Defendants. ) | |

**Complaint-In-Partial-Intervention By
The United States and The State of Oklahoma**

The United States and the State of Oklahoma (collectively, the "Government"),

having filed a notice of partial intervention pursuant to 31 U.S.C. § 3730 (b)(4),

allege for their complaint-in-partial-intervention (the "Government's Complaint" or

"Complaint") as follows:

<u>INTRODUCTION</u>

1.  This is an action brought by the United States and the State of Oklahoma

(the "Government") against Urgent Care of Checotah, PLLC, Urgent Care of

Muskogee, PLLC and Dr. Azhar Shakeel, M.D. (collectively, the "Defendants") to

recover damages, civil penalties, and restitution pursuant to the Federal False Claims

Act, 31 U.S.C. § 3729 *et seq.*, the Oklahoma Medicaid False Claims Act, 63 Okla. Stat. § 5053, et seq., and the common law.

2.   During the period from January 1, 2017, through October 14, 2023 (the "Relevant Time Period"), the Defendants violated the Federal False Claims Act and the Oklahoma Medicaid False Claims Act by knowingly submitting and/or causing the submission of false claims for payment to Federal and State health care programs for Evaluation and Management medical services that: 1) were not furnished by an appropriately credentialed medical professional; and 2) were not rendered by the medical professional (Dr. Shakeel) listed by the Defendants as the rendering provider in the claim for reimbursement.

3.   By engaging in the above-referenced conduct, Defendants submitted, or caused to be submitted, thousands of false claims to Federal and State health care programs in violation of the Federal False Claims Act and the Oklahoma Medicaid False Claims Act.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over the United States' claims pursuant to 31 U.S.C. § 3732 and 28 U.S.C. §§ 1331, 1345.

5.   Pursuant to 28 U.S.C. § 1367, this District Court has supplemental jurisdiction over the subject matter of the claims brought by the Plaintiff State on the grounds that those claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.  This Court may exercise personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because Defendant Dr. Shakeel, resides in this District.

7.  Venue is proper in this District under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## THE PARTIES

8.  The United States of America, through its agencies, administers and funds the Federal health care programs at issue in this action. More specifically, the Centers for Medicare & Medicaid Services ("CMS"), a component within the U.S. Department of Health and Human Services ("HHS"), administers the Medicare and Medicaid programs; the Defense Health Agency ("DHA") administers the TRICARE program; the Federal Employees Health Benefit Program ("FEHB") administers health insurance for federal employees and the U.S. Department of Veterans Affairs ("VA") administers Veterans Health Administration programs.

9.  The State of Oklahoma, through the Oklahoma Health Care Authority ("OHCA"), administers the Oklahoma Medicaid Program known as SoonerCare ("SoonerCare").

10.  Relator Jennifer Young is a citizen of the United States and a resident of the State of Oklahoma. Relator previously worked for Defendant, Dr. Shakeel, and each of his defendant clinics.

11.  Muskogee Medical Care, PLLC is an Oklahoma professional limited liability company with its principal place of business located at 2900 N. Main Street, Muskogee, OK 74001-4708.

12.   Urgent Care of Muskogee, PLLC is an Oklahoma professional limited liability company with its principal place of business located at 384 S. 33rd Street, Suite D, Muskogee, OK  74001.

13.   Urgent Care of Checotah, PLLC is an Oklahoma professional limited liability company with its principal place of business located at 1103 W. Gentry Avenue, Suite A, Checotah, OK 74426-2051.

14.   Dr. Azhar Shakeel, also known as Pasha Shakeel, is a physician licensed to practice medicine in Oklahoma.  Dr. Shakeel is a resident of Tulsa, Oklahoma. He is the sole owner and CEO of the Defendant companies.

## BACKGROUND

### I. THE FALSE CLAIMS ACTS

#### Federal False Claims Act

15.   The Federal False Claims Act establishes treble damages liability to the United States for an individual who, or entity that, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A); or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," *Id.* § 3729(a)(1)(B).

16.   "Knowingly" is defined to include actual knowledge, reckless disregard and deliberate ignorance. 31 U.S.C. § 3729(b)(1). No proof of specific intent to defraud is required. *Id.*

17.   In addition to treble damages, the FCA also provides for assessment of a civil penalty for each violation or each false claim.

Oklahoma's Medicaid False Claims Act

18.    Oklahoma's Medicaid False Claims Act, Okla. Stat. tit. 63 § 5053, et seq., largely mirrors the federal False Claims Act and compliance with it is a condition of payment under federally funded health care programs, including the Oklahoma Medicaid Program.

## II. THE HEALTH CARE PROGRAMS AT ISSUE

19.    *Medicare.* In 1965, Congress enacted Title XVIII of the Social Security Act, commonly known as "Medicare," to pay for health-care services and items for the elderly and disabled. 42 U.S.C. § 1395 *et seq.* HHS is responsible for the administration and supervision of the Medicare program. CMS is an agency of HHS and is directly responsible for the administration of the Medicare program.

20.    *Medicaid.* Pursuant to the provisions of Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, the Medicaid program was established in 1965 as a joint federal and state program created to provide financial assistance to qualified individuals with low income to enable them to receive medical care. Under Medicaid, each state establishes its own eligibility standards, benefit packages, payment rates, and program administration rules in accordance with certain federal statutory and regulatory requirements. The states directly pay the health care providers for services rendered to Medicaid recipients, with the states obtaining the federal share of the Medicaid payment from accounts which draw on the United States Treasury. *See* 42 C.F.R. § 430.0 et seq. The federal portion of each state's Medicaid payments, known as the Federal Medical Assistance Percentage

5

("FMAP"), is based on the state's per capita income compared to the national average. 42 U.S.C. § 1396d(b).

21. ***TRICARE***. TRICARE is part of the United States military's health care system, designed to maintain the health of active-duty service personnel, provide health care during military operations, and offer health care to non-active duty beneficiaries, including dependents of active duty personnel and military retirees and their dependents. The military health system, which is administered by DHA, is composed of the direct care system, consisting of military hospitals and military clinics, and the benefit program, known as TRICARE. TRICARE is a triple-option benefit program designed to give beneficiaries a choice between health maintenance organizations, preferred provider organizations, and fee-for-service benefits.

22. ***Veterans Health Administration Programs***. The Department of Veterans Affairs, through the Veterans Health Administration, administers health care programs that cover the costs of health services for eligible veterans and beneficiaries. *See* 38 U.S.C. § 1701 *et seq.*

23. ***Federal Employee Health Benefits Program*** **("FEHB").** FEBH is an employee health insurance plan administered by the U.S. Office of Personnel Management ("OPM"). Various private insurance companies participate in the FEHB, providing current federal employees, retired employees, and their survivors with health care insurance.

### III.   THE RELEVANT HEALTH CARE PROGRAM REQUIREMENTS

24.   Physicians must enroll in the Medicare program to be paid for services rendered to Medicare beneficiaries. *See* 42 C.F.R. § 424.505. For a physician to enroll in Medicare, a physician must provide their active license and certification information for their specialty. *See id.* § 424.510(d)(2)(iii); CMS, Medicare Enrollment Application, Physician and Non-Physician Practitioners, CMS-855I (May 2023). When a physician signs a Medicare enrollment application, the physician agrees to comply with Medicare program policies, instructions, and guidelines, along with other federal laws and regulations. *See id.*

25.   Physicians must also obtain a National Provider Identifier ("NPI") to identify themselves in their Federal health care program claim submissions. *See* 42 C.F.R. § 424.506. The NPI is a unique 10-digit identification number for health care providers that is used by all health plans, including Federal health care programs, in the submission of claims for reimbursement. When a practice submits claims for reimbursement to Federal health care programs, they are required to identify the provider who rendered the services by providing their NPI.

26.   CMS has published manuals that provide guidance to health care providers. In the Medicare Program Integrity Manual, for example, CMS identifies the following examples of fraudulent practices: billing for services not furnished and misrepresenting the identity of the individual who furnished the services. *See* Medicare Program Integrity Manual, Pub. 100-08, Ch. 4.2.1.

27.   Other Federal health care programs include similar requirements. For example, providers of services to TRICARE beneficiaries are required to comply with TRICARE's program requirements, including its anti-abuse provisions. *See* 32 C.F.R. § 199.9(a)(4). Examples of TRICARE program fraud include billing for services not rendered and misrepresentations of the identity of the person who rendered the services. *Id.* at §§ 199.9(c)(1), 199.9(c)(6).

28.   Similarly, Oklahoma, through regulatory authority and Oklahoma Medicaid Provider Agreements, requires providers such as Defendants to certify compliance with federal and state law. The Oklahoma Administrative Code states, "*to be eligible for payment*" by the Oklahoma Medicaid Program, providers must have an approved SoonerCare Provider Agreement on file with OHCA whereby the provider certifies that "all information submitted on claims is accurate and complete, assures that the State Agency's requirements are met and *assures compliance with all applicable Federal and State regulations.*" Okla. Admin. Code § 317:30-3-2. (*Emphasis added*).

## IV.   FACTUAL ALLEGATIONS

29.   Under a fee-for-service billing arrangement, professional medical services are reimbursed by Federal and State health care programs under specific billing codes, Current Procedural Terminology ("CPT") Codes, that correspond to services provided.

30.   Evaluation and Management (E/M) CPT Codes represent professional *face-to-face* services rendered by Physicians, Physician Assistants, and/or Advanced

Practice Registered Nurses during which the medical providers evaluate or manage a patient's health.

31.   E/M CPT Codes are differentiated by the amount of time the medical provider spends on each patient, the complexity of the medical history, the type of physical examination, and the medical decision-making involved. More complex visits (such as for new patients) are billed and reimbursed at a higher rate.

32.   Except in limited circumstances, services rendered by clinical staff members (RNs, LPNs, CNAs, etc.) cannot be billed as E/M visits.

33.   From March of 2017 through at least October of 2023, Defendant Dr. Azhar Shakeel ("Dr. Shakeel") spent approximately one hundred seventy-seven (177) days away from his clinics traveling to foreign countries and within the United States.

34.   Defendants understood that they were prohibited by Federal and State program rules from submitting claims for reimbursement for services with Dr. Shakeel as the rendering provider if Dr. Shakeel did not actually render the services.

35.   From March of 2017 through at least October of 2023, it was Defendants' policy and practice to systematically bill Federal and State health care programs for E/M services by Dr. Shakeel that Dr. Shakeel did not provide.

36.   During Dr. Shakeel's foreign travel absences and at other times, Defendants knowingly submitted, or knowingly caused to be submitted, claims to Federal and State health care programs for thousands of E/M visits with Dr. Shakeel

listed as the rendering provider, even though Dr. Shakeel had not rendered services for which reimbursement was sought.

37.   For example, from March 17, 2018, through March 22, 2018, Dr. Shakeel was traveling outside the State of Oklahoma and unable to provide face-to-face services at the Defendant clinics. Defendants submitted one hundred forty-five claims to Federal and State health care programs for E/M visits by Dr. Shakeel from March 17, 2018, through March 22, 2018.

38.   From March of 2017 through at least October of 2023, Defendants also knowingly submitted, or knowingly caused to be submitted, claims to Federal and State health care programs for E/M visits that were not rendered by appropriately licensed medical professionals.

**FIRST CLAIM FOR RELIEF**
**(UNITED STATES)**

**Violations of the Federal FCA: Presenting False Claims for Payment**
**(31 U.S.C. § 3729(a)(1)(A))**

39.   The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

40.   The United States seeks relief against Defendants under Section 3729(a)(1)(A) of the FCA.

41.   Defendants knowingly (as "knowingly" is defined by 31 U.S.C. § 3729(b)(1)) presented, or caused to be presented, materially false and fraudulent claims for payment or approval to the United States for services not rendered.

Specifically, Defendants knowingly submitted claims as rendered by Dr. Shakeel when they knew those claims were both factually and legally false or fraudulent.

42.   The United States would not have paid these false and fraudulent claims had it known that the services were not rendered by Dr. Shakeel.

43.   Defendants presented or caused to be presented these claims with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether they were false.

44.   The federally-funded health care programs, unaware of the falsity of the claims submitted for payment by Defendants, approved and paid the claims that would otherwise not have been approved and paid.

45.   By reason of the false or fraudulent claims, the United States has sustained damages in a substantial amount to be determined at trial and is entitled to treble damages plus a civil penalty for each false or fraudulent claim.

46.   By virtue of the false and fraudulent claims, the government sustained damages and therefore is entitled to triple damages and civil penalties under the False Claims Act.

**SECOND CLAIM FOR RELIEF**
**(UNITED STATES)**

**Violations of the Federal FCA: Use of False Statements**
**(31 U.S.C. § 3729(a)(1)(B))**

47.   The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

48.   The United States seeks relief against Defendants under Section 3729(a)(1)(B) of the FCA.

49.   As detailed above, Defendants knowingly made, used, or caused to be made or used, false records or statements, which included the false statements, certifications and representations on claim forms, to obtain approval for and payment by the United States for false or fraudulent claims as detailed above.

50.   The false statements, certifications, and representations made or caused to be made by Defendants were material to the payment of the false claims by the United States.

51.   The false statements, certifications, and representations were made with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether they were false.

52.   The United States, unaware of the falsity of the records and statements made by, used, or caused to be used by Defendants, paid for claims that would otherwise not have been approved and paid.

53.   By virtue of the false and fraudulent claims, the government sustained damages and therefore is entitled to triple damages and civil penalties under the False Claims Act.

## THIRD CLAIM FOR RELIEF
## (OKLAHOMA)

**Violations of the Oklahoma FCA: Presenting False Claims for Payment
(63 Okla. Stat. § 5053.1(B)(1))**

54. The State of Oklahoma realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

55. The State of Oklahoma seeks relief against Defendants under Section 5053.1(B)(1) of the Oklahoma False Claims Act.

56. Defendants knowingly presented, or caused to be presented, materially false and fraudulent claims for payment or approval to the State of Oklahoma for services not rendered by Dr. Shakeel. These claims were both factually and legally false or fraudulent.

57. The State of Oklahoma would not have paid these false and fraudulent claims had it known that the services were not rendered by Dr. Shakeel.

58. Defendants presented or caused to be presented these claims with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether or not they were false.

59. The State of Oklahoma, unaware of the falsity of the claims submitted for payment by Defendants, approved and paid the claims that would otherwise not have been approved and paid.

60. By reason of the false or fraudulent claims, the Plaintiffs have sustained damages in a substantial amount to be determined at trial and are entitled to treble damages plus a civil penalty for each false or fraudulent claim.

## FOURTH CLAIM FOR RELIEF
### (OKLAHOMA)

### Violations of the Oklahoma FCA: Use of False Statements
### (63 Okla. Stat. § 5053.1(B)(2))

61.   The State of Oklahoma realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

62.   The State of Oklahoma seeks relief against Defendants under Section 5053.1(B)(2) of the Oklahoma False Claims Act.

63.   As detailed above, Defendants knowingly made, used, or caused to be made or used, false records or statements, which included the false statements, certifications and representations on claim forms, to obtain approval for and payment by the State of Oklahoma for false or fraudulent claims as detailed above.

64.   The false statements, certifications, and representations made or caused to be made by Defendants were material to the payment of the false claims by the State of Oklahoma.

65.   The false statements, certifications, and representations were made with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of whether they were false.

66.   The State of Oklahoma, unaware of the falsity of the records and statements made by, used, or caused to be used by Defendants, paid for claims that would otherwise not have been approved and paid.

67. By reason of the false or fraudulent claims, the Plaintiffs have sustained damages in a substantial amount to be determined at trial and are entitled to treble damages plus a civil penalty for each false or fraudulent claim.

**FIFTH CLAIM FOR RELIEF**
**Payment by Mistake**
**(Federal Common Law and Oklahoma Common Law)**

68. The Government realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

69. The Government paid Defendants, either directly or indirectly, for claims submitted by Defendants for services that were not rendered by Dr. Shakeel, without knowledge of material facts, and under the mistaken belief that Defendants were entitled to receive payment for such claims.

70. The mistaken belief of the Government was material to the decision to pay Defendants on such claims.

71. Defendants intended that the Government would rely on their false statements, representations, and material omissions of fact.

72. The Government reasonably relied on Defendants' false statements, representations, and material omissions of fact and, as a result, paid Defendants money that they otherwise would not have been paid.

73. By virtue of the false claims, the Government has been damaged, and is entitled to damages to recover the amount of the payments in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### Fraud
### (Federal Common Law and Oklahoma Common Law)

74.   The Government realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

75.   Defendants made materially false statements and representations, including material omissions of fact, to the Government to obtain money from the Government to which they were not entitled.

76.   Defendants made such statements and representations with knowledge of their materiality and falsity.

77.   Defendants made such materially false statements, representations, and omissions with the intent that the Government would rely on them in making determinations to pay claims submitted to the Government.

78.   The Government reasonably relied on Defendants' material misrepresentations and omissions.

79.   The Government was injured by Defendants' unlawful conduct and is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, the Government respectfully requests judgment be entered in the

Government's favor and against Defendants jointly and severally as follows:

> a. On Claims for Relief One through Four, treble damages and civil penalties in the maximum amount allowed by law;
>
> b. On Claims for Relief Five through Six (Federal Common Law and Oklahoma Common Law), damages to the extent allowed by law;
>
> c. All costs associate with prosecuting this civil action, as provided by law;
>
> d. Interest on all amounts owed to the Government, as provided by law; and
>
> e. For all other relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Government

demands a trial by jury on all issues so triable.

Respectfully Submitted,

CLINTON J. JOHNSON
United States Attorney


MARIANNE HARDCASTLE, OBA No. 15054
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
T: (918) 382-2748 │ F: (918) 560-7938
E-mail: marianne.hardcastle@usdoj.gov

The State of Oklahoma

Charles A. Dickson, III
OK Bar No. 17941
Deputy Attorney General
Oklahoma Attorney General's Office
313 N.E. 21st Street
Oklahoma City, OK 73105
405-522-2962 (phone)
405-522-4875 (facsimile)
Charles.Dickson@oag.ok.gov

Jeb Joseph
OK Bar No. 19137
Chief Assistant Attorney General
Oklahoma Attorney General's Office
313 N.E. 21st Street
Oklahoma City, OK 73105
405-522-8940 (phone)
405-522-4875 (facsimile)
Jeb.Joseph@oag.ok.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2024, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to counsel of record.

Gaylon Hayes
gaylon@hhhlawfirm.com

*Counsel for Relator Jennifer Young*

<u>*s/ Shawna Carter*</u>
Shawna Carter
Paralegal